**Aliti Gaunavou CAGICA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–72715.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 20, 2009.

Kevin H. Knutson, Sacramento, CA, for Petitioner.

Thomas Clyde Taylor, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Aliti Gaunavou Cagica, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary result. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

The record does not compel the conclusion that extraordinary circumstances excused Cagica's untimely filing of her asylum application. *See* 8 C.F.R. § 1208.4(a)(5). Accordingly, Cagica's asylum claim fails.

Substantial evidence supports the agency's determination that Cagica's experiences in Fiji, including the government investigation, humiliation, job transfer, and single threat, did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003). The record also does not compel the conclusion that Cagica faces a clear probability of future persecution. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995). Therefore, Cagica's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.